**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1664-16T4
      A-4203-16T4

VALLEY NATIONAL BANK,

  Plaintiff-Respondent,

v.

561 BROADWAY, LLC, ROBERT
SCHROEDER, WESTEX LENDING,
INC., BEECH TREE CORP., and
STEVEN L. WONG,

  Defendants,

and

GRACE WONG,

  Defendant-Appellant.

_____

> Argued October 15, 2018 – Decided October 24, 2018
>
> Before Judges Haas and Mitterhoff.
>
> On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-028187-12.

Grace S. Wong, appellant, argued the cause pro se.

James F. Forte argued the cause for respondent (Saiber, LLC, attorneys; James H. Forte and John M. Losinger, on the brief).

PER CURIAM

In these two back-to-back appeals, which we now consolidate for purposes of this opinion, defendant Grace Wong (defendant) appeals from the Chancery Division's December 2, 2016 order denying her motion for reconsideration of the court's prior order that determined plaintiff Valley National Bank's mortgage was a purchase money mortgage, first in priority in this foreclosure action. Defendant also challenges the court's April 21, 2017 order denying her motion to vacate the writ of execution plaintiff obtained after the final judgment of foreclosure was issued. We affirm.

The parties are fully familiar with the lengthy procedural history of this matter that is fully set forth in the thorough opinions rendered by Judge Robert Contillo concerning both orders. Therefore, we summarize only the most salient facts here.

On May 21, 2004, defendant 561 Broadway LLC (Broadway) executed a note in the amount of $500,000 to plaintiff. To secure payment of the note, Broadway executed a mortgage to plaintiff, and this mortgage was recorded on

2

June 2, 2004. Broadway used the mortgage funds to purchase a commercial property in Westwood. Defendant Robert Schroeder (Schroeder) was a guarantor of the mortgage.

On November 7, 2011, Broadway executed a second mortgage to defendant Steven Wong (Steven),[1] and that mortgage was recorded on January 6, 2012. After Broadway and Schroeder defaulted on the mortgage, plaintiff brought a foreclosure action against them.[2] Steven filed a contesting answer to the complaint, and alleged that even though his mortgage was recorded eight years after plaintiff's mortgage, it had first priority. Because Steven's mortgage was clearly in second position, the court granted plaintiff's motion for summary judgment on September 12, 2013, and confirmed that plaintiff's mortgage had first priority. Steven then assigned all his rights in his mortgage to defendant.

Plaintiff filed an amended foreclosure complaint because it had mistakenly failed to identify its mortgage as a purchase money mortgage in its

---

[1] Steven is defendant's husband. Because Steven and defendant share the same surname, we refer to Steven by his first name to avoid confusion. In doing so, we intend no disrespect.

[2] Plaintiff also named two other companies, Westex Lending, Inc. and Beech Tree Corp., as defendants because they allegedly held mortgages on the property that were subordinate to plaintiff's mortgage. However, the trial court subsequently determined that these mortgages were void.

original complaint. After plaintiff sought the entry of a final judgment of foreclosure, defendant filed a motion to vacate the September 12, 2013 summary judgment order on the priority issue. On October 9, 2015, Judge Contillo denied this motion, and found that defendant had failed to cite any legal basis for vacating the order.

Thereafter, defendant continued to oppose plaintiff's efforts to conclude the action, and insisted that the mortgage she had obtained from Steven had priority over plaintiff's mortgage, which had been recorded eight years earlier. Eventually, plaintiff filed another summary judgment motion seeking a ruling that its mortgage had priority over defendant's lien, and that its mortgage was a purchase money mortgage.

On August 19, 2016, Judge Contillo granted summary judgment to plaintiff "as to all issues other than [p]laintiff's claim that its mortgage is a purchase money mortgage." The judge then conducted a one-day bench trial on that issue and, on October 19, 2016, determined that plaintiff's mortgage was a purchase money mortgage that had first priority in the foreclosure action.

Turning to the orders that are the subject of this appeal, defendant then filed a motion for reconsideration, arguing that the judge "overlooked probative evidence and factual contentions" in making his rulings. She claimed that

because Steven was now involved in a bankruptcy proceeding, the foreclosure litigation should be stayed, even though Steven assigned the mortgage to defendant years before he filed his bankruptcy action. She also alleged that an order issued in another appeal involving different parties[3] had some relevance to her action and that the judge erred by failing to consider it.

After oral argument on December 2, 2016, Judge Contillo rendered a cogent oral opinion denying defendant's motion for reconsideration. He found that defendant's allegations were "a restatement of arguments considered and rejected by the [c]ourt at the trial." He also observed that the October 17, 2016 order in the unrelated appeal was simply not relevant to the matter currently before the court.

Plaintiff thereafter obtained a final judgment of foreclosure and a writ of execution. Defendant filed a motion to vacate the writ, and asserted that plaintiff had failed to file and serve a signed copy of the judgment of foreclosure. On April 21, 2017, Judge Contillo denied defendant's motion. In a thorough written decision, the judge found that plaintiff had submitted a signed judgment of foreclosure to the court, and that all of the required documents were properly

---

[3] This order was issued on October 17, 2016 in a case called <u>Kearney Federal Savings Bank v. 100 West Street LLC, Robert Schroeder</u>, Docket No. A-0993-15.

A-1664-16T4

e-filed through the Automated Case Management System (ACMS). These appeals followed.

On appeal, defendant argues that Judge Contillo erred by denying her motion for reconsideration and her application to vacate the writ of execution. We have considered defendant's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by Judge Contillo in his thoughtful oral and written opinions. We add the following brief comments.

We review the denial of a motion for reconsideration to determine whether the trial court abused its discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). "Reconsideration cannot be used to expand the record and reargue a motion." Capital Fin. Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). A motion for reconsideration is meant to "seek review of an order based on the evidence before the court on the initial motion . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Ibid. (citation omitted).

For these reasons, reconsideration should only be granted in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed

its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). Therefore, we have held that "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010).

Here, Judge Contillo properly concluded that plaintiff's mortgage, recorded in June 2004, clearly had first priority over defendant's mortgage, which was not recorded until January 2012. Sovereign Bank v. Gillis, 432 N.J. Super. 36, 43 (App. Div. 2013) (noting that "New Jersey is a 'race-notice' jurisdiction, meaning that when two parties are competing for priority over each other's mortgage, the party that recorded its mortgage first will normally prevail"). It was equally clear that plaintiff proved that its June 2004 mortgage was a purchase money mortgage because, among other reasons, the document specifically stated on page twenty-one, directly above the parties' signatures, that it was "a purchase money mortgage in that funds secured by this Mortgage [were] being used to acquire" the property that Broadway purchased after it received those funds.

A-1664-16T4

In her motion for reconsideration of the judge's reasoned decision, defendant raised the exact same contentions that were previously unsuccessful. Under those circumstances, Judge Contillo did not abuse his discretion by denying the motion. Cummings, 295 N.J. Super. at 389.

We also discern no basis for disturbing the judge's denial of defendant's motion to vacate the writ of execution. The final judgment of foreclosure was e-filed and, therefore, did not need to be physically stamped "filed." In addition, Judge Contillo reviewed the records contained in ACMS and determined that all of the required documents had been properly entered in the record. Therefore, defendant's contentions on this point plainly lack merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1664-16T4